IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMANDA ALEXANDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1343-M |
| | ) | |
| HALLIBURTON COMPANY, HALLIBURTON ENERGY SERVICES, INC., and SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| MITCHELL L. McCORMICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1272-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| FRANK D. ELDRIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1306-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| STEPHEN G. JONES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1322-M |
| ) | |
| HALLIBURTON ENERGY ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| | |
| BRUCE WILMES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1323-M |
| ) | |
| HALLIBURTON ENERGY ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| | |
| GLYNN ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-13-715-M |
| ) | |
| HALLIBURTON ENERGY ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court are plaintiffs' Daubert motions to exclude the testimony of defendant Halliburton Energy Services, Inc.'s ("HESI") Appraiser, Jerry Dent, filed April 24, 2015. On May 19, 2015, HESI filed its response, and on May 26, 2015, plaintiffs filed their replies. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

From the mid-1960s until 1991, HESI cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site").  Plaintiffs allege that the groundwater beneath their properties has become or will become contaminated with perchlorate that allegedly has migrated from the Site and that their properties have suffered a diminution in value as a result.  Plaintiffs now move this Court, pursuant to Federal Rule of Evidence 702, to exclude or limit the testimony of one of HESI's proposed land valuation experts, Jerry Dent.

II.     Discussion

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge.  It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  509 U.S. at 589.  In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth

the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an

expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

Plaintiffs assert that Mr. Dent's testimony is not admissible because it will not be helpful to the jury and is not reliable and because Mr. Dent seeks to improperly incorporate the work of one of HESI's other valuation witnesses into his own opinions. Specifically, plaintiffs contend that Mr.

Dent's proposed testimony fails to address the central questions to be determined by the jury[1] and does not follow the relevant legal standard because Mr. Dent does not offer any evidence of either a "before" value or an "after" value for any of the properties at issue. Further, plaintiffs contend that Mr. Dent's market analysis opinions are not reliable because he does not use a valid comparison area or time frame. Finally, plaintiffs contend that Mr. Dent's opinions and conclusions regarding retrospective appraisals are inadmissible because the appraisals were performed entirely by Robert Grace, one of HESI's other valuation witnesses.[2]

Having carefully reviewed the parties' submissions, and particularly Mr. Dent's expert report and deposition testimony, the Court finds that Mr. Dent's opinions are admissible. Specifically, the Court finds that Mr. Dent's failure to offer evidence of either a "before" value or an "after" value of any of the properties at issue does not render his opinions inadmissible. After analyzing sales and market data in Duncan, Mr. Dent concluded there has been no diminution in property values in the area as a result of the perchlorate issue; as such, it is not necessary to set forth a "before" value and an "after" value as the value of the property would not change. Additionally, the Court finds that Mr. Dent's opinions are based on sufficient facts and data and is the product of reliable principles and methods. Further, regarding the retrospective appraisals, the Court finds that Mr. Dent properly relied on Mr. Grace's appraisals. Finally, the Court finds that any remaining objections plaintiffs

---

[1] Those central questions are (1) what was the value of a plaintiff's property immediately before the injury; (2) what was the value of the property immediately after the injury; and (3) what is the difference between the two.

[2] Certain of the plaintiffs also move to exclude the opinions and testimony of Mr. Dent critiquing the opinion of their expert Dr. Kevin Boyle. On July 22, 2015, the Court issued an order granting HESI's motion to exclude Dr. Boyle. In light of the Court's Order, the Court finds that the portion of plaintiffs' motions seeking to exclude the opinions and testimony of Mr. Dent critiquing the opinion of Dr. Boyle is now MOOT.

6

have to Mr. Dent's opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Dent regarding all of the alleged deficiencies in Mr. Dent's opinions.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Daubert motions to exclude the testimony of HESI's Appraiser, Jerry Dent.

**IT IS SO ORDERED this 10th day of August, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE